WATKINS, Judge.
Defendant, Barry Carey, was indicted for the second degree murder of Darrell Ballard. He pled not guilty and, after a jury trial, was found guilty of manslaughter by ten of twelve jurors. The trial court sentenced defendant to fifteen years imprisonment at hard labor.
On appeal, defendant presents two assignments of error. First, he alleges that the trial court erred in failing to grant his motion in arrest of judgment or for a new trial. Second, the sentence imposed was excessive. For the reasons below, we affirm the conviction and sentence.
FACTS
In the early morning hours of August 30, 1985, defendant and Darrell Ballard were involved in an altercation outside a south Baton Rouge lounge. According to the testimony of Herbert Myers, a bouncer at the lounge, defendant was talking with two ladies when Ballard approached the group. Defendant struck Ballard after arguing with him for a brief time. Defendant then took a handgun from his pocket and chased the unarmed Ballard down the street in front of the lounge. As Ballard ran toward a ditch, he slipped and fell down. Defendant kicked Ballard about five times and shot him in the face, as he straddled Ballard’s body.
Myers’s testimony was contradicted by Jody Riley. Riley testified that Ballard, the victim, threatened to “get” defendant after their initial argument. Ballard was trying to open his car door when defendant pulled out his pistol. Riley stated that defendant fell into the ditch with Ballard, and the two men wrestled for defendant’s weapon when it discharged, killing Ballard.
Defendant surrendered the next morning to Baton Rouge City Police, and was arrested. The autopsy report revealed that Ballard died as the result of a single small-caliber gunshot wound to his left cheek.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial court erred in accepting a nonunanimous jury verdict. He argues that Louisiana Code of Criminal Procedure article 782, which authorizes the concurrence of only ten jurors to render a conviction for cases in which punishment is necessarily confinement at hard labor, violates the Sixth and Fourteenth Amendments to the United States Constitution. In the alternative, defendant urges that article 782 is contrary to the obligations assumed by the State of Louisiana in the Enabling Act for the Admission of Louisiana into the Union.
In Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972) and Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), the United States Supreme Court upheld the validity of nonunanimous jury verdicts for twelve person juries. Louisiana Code of Criminal Procedure article 782 authorizes a verdict of ten of twelve jurors in non-capital felony cases.[1] The Louisiana Supreme Court has *815 consistently held that article 782 does not violate the Sixth or Fourteenth Amendments to the United States Constitution. See State v. Belgard, 410 So.2d 720, 726 (La.1982) and cases cited therein.
Moreover, in State v. Hodges, 349 So.2d 250 (La.1977), cert, denied, 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779 (1978), the Louisiana Supreme Court considered the alternative argument raised by this defendant and found it meritless. The court held that “the Act of Congress February 20, 1811, 2 U.S. Stat. 641, an act for the admission of the State of Louisiana into the Union, does not require that the provision of our state constitution and statutes be identical with the federal unanimous jury requirements.” 349 So.2d at 260. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
Defendant also contends that the sentence imposed, fifteen years at hard labor for manslaughter, was excessive. We disagree.
A trial court has wide discretion in the imposition of sentences within statutory limits. Given compliance with the sentencing guidelines of LSA-C.Cr.P. art. 894.-1, a sentence will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257, 259 (La. App. 1st Cir.1984). A trial court should exercise its sentencing discretion to impose sentences graded according to the individual circumstances of the offense and of the offender. State v. Sepulvado, 367 So.2d 762 (La.1979).
In imposing sentence, the trial judge adequately contemplated these sentencing guidelines. The judge considered the pre-sentence investigation report and that this was defendant’s first felony conviction. Further, in compliance with LSA-C.Cr.P. art. 894.1, the trial judge stated that a lesser sentence would deprecate the seriousness of defendant’s crime and that defendant was in need of treatment in a custodial facility. In view of the trial judge’s opinion that the state proved defendant guilty of the original charge of second degree murder rather than the responsive verdict of manslaughter, we cannot say that imposition of a fifteen-year sentence was a manifest abuse of its discretion. We find no merit in defendant’s assignment of error.
Accordingly, we affirm the conviction and sentence.
AFFIRMED.

. LSA-C.Cr.P. art. 782 states in part: "Cases in which punishment is necessarily confinement at *815 hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.”