566 So.2d 462 (1990)
STATE of Louisiana, Appellee,
v.
Claude LAMB, Appellant.
No. 21848-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
Writ Denied November 26, 1990.
Steven A. Hansen, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., Marcus R. Clark and Mark Donahoe, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, LINDSAY and HIGHTOWER, JJ.
PER CURIAM.
The defendant, Claude Lamb, was originally charged with one count of possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967(A), and one count of possession of 28 grams or more of cocaine, in violation of LSA-R.S. 40:967(F)(1). Pursuant to a plea bargain, the defendant pled guilty to two counts of possession of cocaine with intent to distribute. The trial court sentenced him to serve two concurrent sentences of 30 years at hard labor. The defendant appeals, asserting that the trial court imposed an excessive sentence. We affirm.

*463 FACTS
On May 2, 1989, the defendant was arrested on drug charges at a motel in Monroe, Louisiana. The police had received information that the defendant was selling large amounts of cocaine from his motel room. After arriving at the defendant's room, the officers observed in plain view what they believed to be crack cocaine. They then obtained an oral consent to search. The police officers seized about $7,000 in cash and several plastic baggies of cocaine which the defendant had concealed in his room. Subsequent to his arrest, the defendant made bond and was released from jail.
On July 19, 1989, the defendant was arrested again at the same motel. Pursuant to a search warrant, the police found a black zippered bag on the patio area adjacent to the defendant's suite. The bag contained about 187 grams of cocaine in six plastic baggies. It also contained receipts in the defendant's name from a jewelry store in Houston, Texas.
On August 2, 1989 and September 21, 1989, a bill of information and an amended bill of information, respectively, were filed against the defendant. In connection with the May arrest, the bill of information charged the defendant with possession of cocaine with intent to distribute. As to the July arrest, the defendant was charged with possession of 28 grams or more but less than 200 grams of cocaine.
On October 25, 1989, pursuant to a plea bargain, the defendant pled guilty to two counts of possession of cocaine with the intent to distribute. As part of the plea arrangement, the State recommended imposition of concurrent sentences not to exceed 30 years. A presentence investigation was ordered. On January 4, 1990, the trial court imposed a sentence of 30 years on each of the two charges, to be served concurrently.
The defendant appealed. He contends that the trial court erred in failing to adequately consider the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 and in imposing an excessive sentence.

LAW
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C. Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La. 1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir. 1983), writ denied 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
*464 The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La. App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La. 1984). As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the benefit received by a plea bargain agreement and the attendant reduction in potential exposure to criminal penalty is a proper sentencing consideration particularly where the offense involves violence. State v. Griffin, 455 So.2d 681 (La.App. 2d Cir. 1984), writ denied 458 So.2d 128 (La.1984); State v. Richardson, 446 So.2d 820 (La. App. 2d Cir.1984); State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
A trial court is not required to render a suspended sentence or probation on a first felony offense, but may consider whatever factors and evidence are deemed important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir. 1984); State v. Tully, supra.

DISCUSSION
The defendant appealed his sentence as being excessive. He contends that the trial court erred in treating him as a "worst offender" and in not according greater weight to his status as a first felony offender. The defendant further argues that the trial court failed to comply with Art. 894.1.
Examination of the record reveals that the trial court adequately complied with Art. 894.1. The trial court reviewed the 26-year old defendant's personal history. The defendant asserted that he had been married for five years, and that he and his wife, with whom he had lived sporadically, had three children. He further claimed to have four additional children from relationships with three other women. According to the pre-sentence investigation (PSI) report, he had not paid child support for any of these children. The defendant has a twelfth grade education and has been employed in various fields of welding and building maintenance and security.
The trial court also considered the defendant's criminal activities in detail. While a resident of Houston, Texas, the defendant was involved in drug trafficking. He then moved his operation to Monroe, Louisiana, for the express purpose of making more money, as he had heard that it was a more profitable area for drug dealing. The trial court found that the defendant's conduct was motivated solely by his desire for financial gain and that such conduct threatened serious harm to the ultimate drug consumers. The court further found the defendant was in need of extensive correctional treatment in a custodial environment and that a lesser sentence would "grossly deprecate" the seriousness of the present offenses.
The trial court expressed great concern about possible reoccurrence of the defendant's *465 criminal activities. In particular, the trial court noted that the second offense to which the defendant pled guilty occurred while the defendant was on bond for the first offense. Thus, the trial court found that the defendant posed an unusual risk of harm to the public safety.
We find no abuse of discretion in the trial court's imposition of sentence. Like the trial court, we find the defendant's voluntary, profit-motivated conduct to be extremely serious. Based upon the record before us, we likewise concur with the trial court that the defendant is "obviously a drug dealer in the true sense of the term."
The defendant received considerable benefit from the plea bargain. The defendant was initially charged with one count of possession of 28 grams or more of cocaine in connection with the July arrest. The penalty exposure for this offense is imprisonment at hard labor for not less than 5 years, nor more than 30 years, and a fine of not less than $50,000, nor more than $150,000. By virtue of the plea bargain, this charge was changed to possession of cocaine with intent to distribute, which carries a penalty exposure of imprisonment at hard labor for not less than 5 years, nor more than 30 years, and a fine of not more than $15,000. Thus, the defendant received a substantial reduction in his potential sentencing exposure on the fine. Another condition of the plea bargain provided that the defendant would receive concurrent sentences (which necessarily could not exceed 30 years at hard labor) for these offenses, even though they arose from different transactions. See LSA-C.Cr.P. Art. 883.
In his appellate brief, the defendant cited several cases in support of his argument that as a first felony offender he was entitled to greater leniency. Examination of these cases reveals that they are factually inapposite to the present case. Unlike the defendant's case, those cases generally dealt with distribution of small quantities of various drugs, including marijuana.
Here we are presented with the case of a self-confessed cocaine dealer who relocated to Louisiana for the express purpose of making greater profits in drug trafficking. We note in particular the large quantity of cocaine in the defendant's possession at the time of his second arrest, which occurred while he was on bond following his first arrest two months earlier.
Therefore, based on the foregoing, we find no error in the trial court's imposition of sentence.

CONCLUSION
The defendant's sentence is affirmed.
AFFIRMED.
HIGHTOWER, J., concurs, the sentence being within the limits agreed to in the plea bargain.