612 So.2d 259 (1992)
STATE of Louisiana
v.
Rene WINTERS.
No. 92-KA-0501.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1992.
*260 Harry F. Connick, Dist. Atty., Valerie A. Welz, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, C.J., and PLOTKIN and LANDRIEU, JJ.
SCHOTT, Chief Judge.
Defendant was convicted of possession of cocaine with intent to distribute in violation of LSA-R.S. 40:967. He was sentenced to sixty years at hard labor. The issues on appeal are whether the evidence was sufficient to prove defendant had constructive possession of the cocaine and whether his sentence is excessive.
Acting on a tip from a confidential informant, two police officers placed the defendant and his companion, Jackson, under surveillance. The subjects were standing about twenty feet apart near Josephine and Rousseau Streets in New Orleans when a man drove up on a bicycle, spoke to the defendant, and gave him some currency. Defendant pointed to Jackson who walked over to a fire hydrant and picked up a brown paper bag. From it he removed a small object and gave it to the bicyclist who left the scene. Believing they had witnessed a drug transaction, the officers detained defendant and Jackson and retrieved the bag by the fire hydrant. In it they found three small plastic bags of white powder which proved to be cocaine and they arrested defendant and Jackson. They found $525 in cash in defendant's pocket.
An examination of the record for errors patent disclosed only that defendant was not present at his arraignment when his counsel entered a plea of guilty. C.Cr.P. art. 831 required his presence, but the absence of an objection on his part constituted a waiver of this irregularity. C.Cr.P. art. 555. State v. Haywood, 516 So.2d 196 (La.App. 4th Cir.1987).
*261 By his first assignment of error defendant contends the evidence was insufficient to convict him of possessing the cocaine. The state had the burden of proving beyond a reasonable doubt that defendant was in possession of the cocaine and had the intent to distribute it. Proof of possession is sufficient to support a conviction when the state proves constructive possession, i.e., when the material is not in the physical possession of the person, but is under his dominion and control. State v. Trahan, 425 So.2d 1222 (La.1983). The defendant's dominion and control over the material may be shown by his knowledge that illegal drugs are in the area, his relationship with the one in actual possession, his access to the area where the drugs were found, his physical proximity to the drugs, and evidence that the area was frequented by drug users. State v. Reaux, 539 So.2d 105, 108 (La.App. 4th Cir.1989). In the present case the defendant and Jackson were clearly acting as a team selling cocaine. Viewing the activities of the defendant in the light most favorable to the prosecution a rational fact-finder could easily conclude beyond a reasonable doubt that defendant had constructive possession of the cocaine and intended to sell it with Jackson.
By his other assignment of error defendant argues his sentence of sixty years was excessive. He was originally sentenced to thirty years and was subsequently sentenced under the Habitual Offender Law, R.S. 15:529.1, to sixty years. At the original sentencing the trial judge stated as follows:
BY THE COURT:
This defendant stands convicted by jury of the crime of possession of cocaine with intent to distribute. The facts adduced at trial show that the defendant and another were apprehended while engaged in the indiscriminate trafficking of drugs. The Court has reviewed the facts in the light of Code of Criminal Procedure, Article 894.1 A and B, and finds as follows:
The defendant is 20 years old, single and unemployed.
A review of his criminal history shows in addition to various traffic arrests, arrests for aggravated rape, hit-and-run driving, reckless driving, possession of stolen property, and possession of narcotics. About two weeks prior to his arrest for the present charge, the defendant was arrested on a prior charge of possession of cocaine. This charge is presently pending.
In 1989 the defendant was tried by judge in another section of court on a charge of possession of 28 grams or more, but less than 200 grams of cocaine, and found guilty of simple possession of cocaine. He was sentenced to five years active probation, with 18 months in the Parish Prison.
It is obvious from this record that the defendant is an incorrigible dealer of drugs who spent his very probation period dealing drugs in absolute defiance of the condition of his probation.
For these reasons, plus the complete lack of any mitigating or extenuating circumstances in this case, it, therefore, is the sentence of this Court that the defendant, Rene Winters, serve 30 years at hard labor in the custody of the Department of Corrections, with credit for time served.
When the trial judge resentenced defendant under the Habitual Offender Law, he again imposed the maximum sentence, this time sixty years, incorporating by reference the reasons quoted above.
Defendant's record may very well warrant a sentence beyond the minimum, especially considering that he was on probation for possessing a substantial quantity of cocaine when he committed the present offense and was facing still another charge for possessing cocaine in another section of the trial court. On the other hand, neither the trial judge's reasons nor the record support the imposition of the maximum sentence of sixty years. The maximum sentence is reserved for the worst offender. State v. Telsee, 425 So.2d 1251, 1253 (La.1983). There was no evidence to show that defendant was a major drug dealer, and only a small amount of *262 cocaine was found. Without minimizing the seriousness of his offense the record does not show that he is "the most egregious and blameworthy of offenders within [this] class [of defendants]."
Telsee, at 1253.
In arguing for an affirmation of the sentence, the state refers to State v. Lamb, 566 So.2d 462 (La.App.2d Cir.1990) writ den., 569 So.2d 985. In that case the defendant was convicted of two counts of possession of cocaine with intent to distribute and was sentenced to concurrent thirty year sentences, which was the maximum as in the present case, and the appellate court affirmed the sentence. That case is clearly distinguishable from the present one. There the police had a tip that defendant was selling large amounts of cocaine from his hotel room, and they found him in possession of $7000 in cash along with crack and powdered cocaine. Two months later the police arrested him again at the same motel and this time he had 187 grams of cocaine. While a resident of Houston, he had been involved in drug trafficking and he moved to Monroe, Louisiana because he had heard it would be a more profitable area for drug dealing. The maximum sentence was appropriate for Lamb because he was the worst kind of offender in this class of cocaine dealers, but it is not appropriate for the present offender. Having concluded that the trial judge abused his sentencing discretion in this case, we have resolved to remand the case for resentencing by another judge of the trial court.
Accordingly, the conviction is affirmed, but the sentence is vacated and set aside. The case is remanded to the trial court for resentencing by a judge of the Criminal District Court other than Judge Wimberly. The new sentencing judge shall be selected by lot.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED WITH INSTRUCTION.
LANDRIEU, J., concurs with reasons.
LANDRIEU, J., concurring with reasons.
I concur with the result but note that the sentencing took place prior to January 31, 1992, the effective date of the new sentencing guidelines, and the appropriate standard for appellate review of a sentence for excessiveness is one of unconstitutionality under La. Const. art. 1 § 20. State v. Sepulvado, 367 So.2d 762 (La.1979).
Irrespective of whether the majority views the sentence as unconstitutionally excessive or as an abuse of discretion, it is inappropriate and inefficient to remand this case for re-sentencing without stating the maximum sentence which may be imposed under the circumstances. If this court believes that sufficient reasons for the sentence imposed might be present, but were not articulated, a remand without guidance would be appropriate. Here, however, the majority discusses the record, finds the sentence to be excessive and remands the case for re-sentencing by a different judge, but does not assume the responsibility for stating what the maximum sentence should be.
This court, unlike the Supreme Court, sits in panels of three judges, the composition of which is constantly changing. A trial judge has little chance of divining what would be an acceptable sentence in the judgment of this panel if the panel itself does not know or will not say.
I would remand the case to the sentencing judge and direct that a sentence not in excess of forty years imprisonment be imposed.