Ji_PETERS, Judge.
The defendant, John Levelle Jones, was charged with one count of the distribution of cocaine, in violation of La.R.S. 40:967(A)(1); one count of the possession of cocaine with the intent to distribute, in violation of La. R.S. 40:967(A)(1); and one count of the possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1. On September 22, 1992, he pled guilty to all three charges. Thereafter, the trial court sentenced the defendant to serve ten years at hard labor for the conviction of distribution of cocaine; seven years at hard labor for the conviction of the possession of cocaine with the intent to distribute; and five years at hard labor without benefit of parole, probation, or suspension of sentence for the conviction of possession of a firearm by a convicted felon. All sentences were |2ordered to run consecutively to each other and to all other sentences for which the defendant was then serving time. The defendant appeals alleging a single assignment of error. He contends that the trial court imposed an excessive sentence which did not comply with the provisions of La.Code Crim.P. art. 894.1.
FACTS
On July 20, 1990, the defendant was arrested and charged with the possession of cocaine with the intent to distribute. He was subsequently released on bond and on February 21, 1991, while still released on bond for the July 20, 1990 charge, was involved in a drug transaction in which he sold crack cocaine to an undercover police officer. However, the defendant was not immediately charged or arrested for the crime.
Subsequently, the July 20, 1990 charge of possession of cocaine with intent to distribute was amended to a charge of possession of cocaine, a violation of La.R.S. 40:967(A)(1). The defendant pled guilty to this amended charge on April 2, 1991, and received a probationary sentence. Several days later, the defendant was arrested for the February 21, 1991 incident and charged with distribution of cocaine. On May 10, 1991, the defendant was again released on bond.
On August 20, 1991, pursuant to a search warrant, law enforcement officers conducted *426 a search of the defendant’s residence and discovered approximately one hundred seven grams of crack cocaine and two handguns. The defendant was then arrested and charged with possession of cocaine with the intent to distribute and the illegal possession of a firearm by a convicted felon. The defendant was again released on bond. While out on bond, the defendant was again arrested, this time for possession of marijuana, a violation of La.R.S. 40:966(D).
|3On September 22, 1992, the defendant pled guilty to the three charges currently before this court. Shortly thereafter and as a result of his September 22, 1992 guilty plea, the defendant’s suspended sentence for the July 20, 1990 possession of cocaine charge was revoked and the defendant was ordered to serve five years at hard labor on that charge. On February 17, 1993, the defendant was sentenced on the three convictions to which he pled on September 22, 1992. After his application for reconsideration of sentence was denied, the defendant filed this appeal.
ANALYSIS
The defendant’s single assignment of error asserts that the trial court abused its discretion in failing to comply with the requirements of La.Code Crim.P. art. 894.1, which provides:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
B. A court may impose a sentence, which includes incarceration or other significant sanctions, which is appropriate under the sentencing guidelines notwithstanding any limitation on probation or suspension of sentence under the provisions of Article 893.
C. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence. (Emphasis added).
In State v. Smith, 93-402 (La. 7/5/94); 639 So.2d 237, the supreme court established the process of appellate review of a trial court’s use of the Louisiana Felony Sentencing Guidelines. The court explained:
(1) [W]hile a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range |4for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
Id. at 240 (footnote omitted).
Therefore, in our review we must determine whether or not the trial court considered the Guidelines in formulating the defendant’s sentence and whether or not it adequately stated for the record the considerations and factual basis taken into account in formulating such sentence. If the trial court satisfies that requirement, we may then consider whether or not the actual sentence imposed in this case is unconstitutionally excessive.
In this case, although the trial court did not specifically say that it considered and rejected the Guidelines, the record of the sentencing hearing reflects that the trial court did comply with the mandate of Smith. At the sentencing hearing defendant’s counsel called the trial court’s attention to what he considered to be the appropriate Guidelines sentencing grid. Additionally, the defendant presented evidence of mitigating factors applicable to Guideline *427 considerations. We find no requirement that the trial court state it has considered and rejected the Guidelines provided the consideration and rejection are evident from the record.
Each sentence imposed by the trial court exceeds the Guidelines’ recommendation. If the Guidelines had been applied, based on the defendant’s prior criminal record [one misdemeanor conviction (simple battery) and one felony conviction (possession of cocaine)], the appropriate grid level to be used in assessing Issentence would have been grid level “D.” Using that grid level, the recommended incarceration sentencing range for the distribution of cocaine charge is eighty-four to one hundred eight months. The trial court sentenced the defendant to one hundred twenty months. The recommended incarceration sentencing range for the charge of possession of cocaine with the intent to distribute is fifty-four to sixty-six months. The trial court sentenced the defendant to eighty-four months. As to the charge of the unlawful possession of a firearm by a convicted felon, the recommended incarceration sentencing range is twenty-four to thirty-six months. The defendant was sentenced to sixty months.
In addition, it appears that the trial court failed to follow the dictates of the Guidelines in reference to consecutive sentences. Louisiana Felony Sentencing Guidelines § 215(C), which addresses the appropriate procedure for imposing consecutive sentences, requires that the trial court first determine the base sentencing range of the most serious offense charged, i.e. the conviction with the longest statutory term of incarceration. From that base, the remaining offenses provide the additional penalty but “[n]o more that [sic] 50 percent of the minimum of the grid range for each of the subsequent offenses for which the offender is being sentenced should be added.” Id. In this case, the defendant’s base sentencing range is the distribution of cocaine charge with a potential eighty-four to one hundred eight months of mandatory incarceration. Fifty percent of the minimum sentence for possession of cocaine with intent to distribute is twenty-seven months, and fifty percent of the minimum sentence for the possession of a firearm by a convicted felon is twelve months. The trial court’s sentences significantly exceed these suggested sentences.
| eHowever, we find that the trial court stated adequate reasons to justify departure from the suggested sentences of the Guidelines. The trial court stated:
Drugs are a terrible evil of our society which ruin peoples [sic] lives, and they have obviously ruined the life of Mr. Jones. I can’t cure all the problems of society nor should our judicial system be the one cast to do that. We all don’t have role models. We try our best to get through our lives as we can. What I see is a young man who is 19 years old and in a period of two (2) years committed more crimes than a lot of people ever have a chance to commit.
As far as his cooperation, as far as his movement to change in life, and to catch Jesus as he stated it, it seems to me that all those things happened after the threat that he could never leave jail again in front of him.
As a result of these very serious offenses that were committed, the possession of a fire arm [sic], the possession of over 100 grams of cocaine, distribution of cocaine, those arrest [sic], this Court recognizes those to be very serious crimes. The distribution of drugs in our society has to be dealt with.
Because we find the trial court adequately complied with the requirements of Smith, the scope of our review is limited to a review of the sentence imposed for constitutional ex-cessiveness.
La. Const, art. I, § 20 provides, in part: “No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment.” (Emphasis added). The defendant’s sentences fall well within each statutory sentencing range. Although a sentence may fall within the statutory limits of the crime, it may result in the violation of a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence is constitutionally excessive if it “makes no measurable contribu *428 tion to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime.” State v. Dorthey, 623 So.2d 1276, 1280 (La. 1993) (citations omitted). A grossly disproportionate sentence is one which shocks the sense of Injustice when “the crime and punishment are considered in light of the harm done to society.” State v. Lobato, 603 So.2d 739, 751 (La.1992) (citations omitted). However, a sentence will not be set aside “absent a showing of manifest abuse of the trial court’s wide discretion to sentence within statutory limits.” Id. (Citations omitted).
The defendant was sentenced to ten years at' hard labor for the conviction of distribution of cocaine; seven years at hard labor for the conviction of possession of cocaine with the intent to distribute; and five years at hard labor without benefit of parole, probation, or suspension of sentence, for the conviction of possession of a firearm by a convicted felon. All of the sentences were ordered to run consecutively to each other and to all other sentences for which the defendant was then serving time. Given the record of these proceedings, we do not find the sentences to be so disproportionate to the severity of the crimes so as to shock our sense of justice or that they amount to nothing more than a needless imposition of pain and suffering. Dorthey, 623 So.2d 1276.
We further find that the trial court did not commit error in imposing consecutive rather than concurrent sentences. In State v. Thompson, 544 So.2d 421 (La.App. 3 Cir.), writ denied, 550 So.2d 626 (La.1989), this court held that the imposition of consecutive sentences rather than concurrent sentences requires particular justification. We stated:
Consecutive sentences are justified when, due to the defendant’s past conduct or repeated criminality over an extended period, the offender poses an unusual risk to the safety of the public; similar to those posed by habitual offenders.
Id. at 439 (citation omitted).
In addition, La.Code Crim.P. art. 883 provides:
| gif the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run Concurrently-
Applying the jurisprudence and statutory authority to the case at hand, we find no error in the trial court’s imposition of consecutive sentences as to the three crimes involved. Even though the charges of possession with intent to distribute cocaine and possession of a firearm by a convicted felon arose out of the same act or transaction, the trial court adequately expressed reasons for directing that these sentences be served consecutively. Additionally, the defendant has been involved in repeated criminal activity, both before and during the time these charges were pending. He was not a first time offender and was on probation for another felony offense at the time he committed these offenses. In this case, it is clear from the trial court’s reasons concerning the severity and nature of the crimes that the consecutive sentences of incarceration constitute no manifest abuse of discretion.
After deciding that the sentences imposed by the trial court are not constitutionally excessive, we must now address the question of errors patent on the record. La.Code Crim.P. art. 920(2) provides that the scope of review on appeal includes those errors “discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” In this case, we find two such errors patent.
As to the charge of possession of a firearm by a convicted felon, La.R.S. 14:95.1(B) provides the appropriate penalty as follows:
*429 |9B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
In the present case, the trial court faded to impose the mandatory fine. Although La. Code Crim.P. art. 882 allows for an illegal sentence to be corrected at any time by the court that imposed the sentence, or by an appellate court on review, the Louisiana Supreme Court in State v. Fraser, 484 So.2d 122 (La.1986) held that an appellate court could not correct an illegally lenient sentence where there was no complaint of the error. Therefore, this error patent should be left undisturbed.
At the time the defendant pled guilty, he was informed of the three year time limitation for filing post conviction relief allowed by La.Code Crim.P. art. 930.8. However, La.Code Crim.P. art. 930.8(C) requires that the defendant be informed at the time of sentencing. Therefore, to strictly comply with the statutory language, the trial court should inform the defendant of the provisions of La.Code Crim.P. art. 930.8.
DISPOSITION
The trial court is hereby directed to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending the appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of these proceedings. Otherwise, the convictions and sentences are affirmed in all other respects.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.