liWOODARD, Judge.
For the reasons assigned in State v. Timothy T. Williams, 96-1556 (La.App. 3 Cir. 2/19/97), 688 So.2d 1343, the convictions and sentences of Timmy Timothy Williams are hereby affirmed. Additionally, in accordance with La.Code Crim.P. art. 920, we reviewed this appeal for errors patent on the face of the record, and we note one error patent. The record of this case does not indicate whether the defendant was present for arraignment.
La.Code Crim.P. art. 831 provides, in part, that a defendant must be present at arraignment and when a plea is given. Although La.Code Crim.P. art. 832(A) provides a waiver of this requirement when a defendant is temporarily, voluntarily absent, the article *1343 further provides that “the defendant may always object to his absence at the arraignment or plea to the merits.” La.Code Crim.P. art. 555 states:
Any irregularity in the arraignment,- including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial with-outyobjeeting thereto, and it shall be considered as if he had pleaded not guilty.
See also, State v. Freeman, 461 So.2d 496, 498 (La.App. 3 Cir.1984), writ denied, 464 So.2d 314 (La.1985); State v. Sears, 298 So.2d 814 (La.1974) and State v. Brown, 620 So.2d 508 (La.App. 4 Cir.), writ denied, 625 So.2d 1062 (1993). In the ease sub judice, the defendant has shown no prejudice resulting from the error; he did not object to the absence of an arraignment nor does he now object on appeal. Since defendant’s plea of not guilty can be assumed, the failure of the record to show that defendant was arraigned on the charges in this case is harmless error.
AFFIRMED.