604 So.2d 205 (1992)
STATE of Louisiana, Appellee,
v.
Willie CONWAY, Jr., Appellant.
No. 24053-KA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1992.
Rehearing Denied September 17, 1992.
*206 Willie Conway, Jr., in pro. per.
Robert S. Tew, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., H. Stephens Winters, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, C.J., and VICTORY and STEWART, JJ.
MARVIN, Chief Judge.
After his original hard labor sentences totaling 28 years were found constitutionally excessive, Conway now appeals, as excessive, his sentences, after remand, that total 20 years at hard labor, which this court said was the maximum range of the trial court's sentencing discretion. State v. Conway, 588 So.2d 1369 (La.App. 2d Cir. 1991), J. Brown dissenting.
Conway's original hard labor sentences, ordered to run consecutively, were seven years on four counts, two for distribution of marijuana and two for distribution of cocaine.
After these sentences were set aside and resentencing was directed, the trial court again sentenced Conway to seven years on each count, but effectively ordered that three years on the first count of marijuana distribution run consecutive with the seven-ear sentence on the first count of cocaine distribution, that the seven-year sentence for the second count of cocaine distribution run consecutive to any other sentence, and that three years on the second count of marijuana distribution run consecutive to any other sentence. Consecutively, the sentences total 20 years. CCrP Art. 883 authorizes such sentences.
In the original appeal, this court did not address Conway's apparent indigency and the fact that he was also sentenced either to pay a $5,000 fine or serve one-ear default time on each of the marijuana counts. Notwithstanding the statutory authorization for either a fine or default time in addition to a hard labor sentence, it is constitutionally impermissible to subject an indigent to further incarceration because of his inability to pay a fine. An appellant's claim to indigency in such a situation may be discerned from the appellate record. See State v. Williams, 484 So.2d 662 (La. 1986).
This record shows that Conway was represented by appointed counsel at his trial and on his appeal. A 1991 affidavit in the record shows that Conway's assets total about $50. In this light, we vacate the imposition of default time. See State v. Monson, 576 So.2d 517 (La.1991).
Conway agrees that the trial court complied with CCrP Art. 894.1. He continues *207 to assert that his hard labor sentences are excessive, notwithstanding that this court considered the maximum range of hard labor sentencing discretion in Conway's original appeal to be not more than 20 years.

DECREE
For reasons assigned in his original appeal, we affirm the hard labor sentences imposed for each of the four counts after remand. These sentences total 20 years at hard labor. For reasons assigned here, we amend to vacate the additional imposition of default time for the distribution of marijuana. We also direct the district court to comply with CCrP Art. 930.8 by sending the required statutory notice to Conway within ten days after this opinion is rendered and by filing written proof that Conway received the notice in the record of the proceedings. State v. Scott, 600 So.2d 756 (La.App. 2d Cir.1992).
As amended, AFFIRMED; Art. 930.8 notice ordered.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, VICTORY, BROWN and STEWART, JJ.
Rehearing denied.