LOLLEY, J.
hThe defendant, Maveon Jones, appeals a judgment of the First Judicial District Court, Parish of Caddo, Louisiana, following his guilty plea of manslaughter. He was sentenced to serve 33 years of imprisonment at hard labor and payment of court costs or 30 days in default of payment. Jones’s appellate counsel has filed a motion to withdraw, along with an Anders brief in support of the motion.[1] The state declined to file a brief in the matter, noting appellate counsel’s Anders brief. On January 16, 2008, this court notified Jones that he may file a brief in this appeal within 30 days of its order; however, Jones has not requested the record and has not filed any brief. Accordingly, the motion to withdraw is granted, and Jones’s conviction is affirmed; however, due to an error patent in his sentencing, Jones’s sentence is amended, and as amended, affirmed.
Facts
Jones was charged by indictment with the first degree murder of Johnny L. Johnson, Jr., in violation of La. R.S. 14:30. As part of a plea bargain agreement, Jones pled guilty to the responsive charge of manslaughter, a violation of La. R.S. 14:31, with the understanding that his sentencing range would be between 25 and 40 years of imprisonment at hard labor. Ultimately, Jones was sentenced to serve 33 years’ imprisonment at hard labor and payment of court costs or 30 days in default of payment. Jones filed several motions to reconsider sentence which were denied by the trial court. This appeal ensued.
|2Discussion
Jones was appointed appellate counsel, who has filed an Anders brief seeking to withdraw on the grounds that after “a conscientious review of the rec *1238 ord,” he could find no non-frivolous issues to raise on appeal. See Anders, supra; State v. Mouton, 1995-0981 (La.04/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). As required, Jones’s appellate counsel’s brief outlines the facts and procedural history of the case. See State v. Jyles, 1996-2669 (La.1997), 704 So.2d 241. Jones’s appellate counsel further verifies that he has mailed copies of the motion to withdraw and his brief to Jones in accordance with applicable jurisprudence. In accordance with the applicable jurisprudence, appellate defense counsel also notified Jones of his right to file a pro se brief and sought to withdraw from the case. This court held the motion to withdraw in abeyance and advised Jones of his right to file an appellate brief within 30 days of this court’s January 9, 2008, order deferring a ruling on counsel’s motion to withdraw.[2] As of this date, Jones has not responded to the notice.
We note that in this case the Anders brief filed by Jones’s appellate counsel was sufficient in light of the fact that Jones ultimately pled guilty. As noted in State v. Jyles, supra at 241, “a brief which offers ‘no hint of a discussion of arguments that might be raised and why counsel believes them to be frivolous’ does not comply with Anders” (citation omitted). It is not sufficient to make the naked statement that no non-frivolous issues exist, [abut the appellate counsel “must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate’s eye” over the entire record. Id. (citations omitted).
We have thoroughly examined the entire appellate record-all of the pleadings filed in the trial court, all of the trial court proceedings, the bill of information, and all transcripts contained in the record. We note that Jones was properly charged by bill of information. Jones was present in court and represented by counsel at all important states of the proceedings. His guilty plea complied with the law. The record reflects no error up until Jones’s sentencing. However, our review of the record does reveal an error patent in regards to Jones’s sentence.
At sentencing, the trial court sentenced Jones to pay court costs or in default to serve 30 days in jail, which was in error. An indigent defendant may not be subjected to imprisonment because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991); State v. Kerrigan, 27,846 (La.App.2d Cir.04/03/96), 671 So.2d 1242. A defendant’s claim of indigence in such a situation may be discerned from the record. State v. Conway, 604 So.2d 205 (La.App. 2d Cir.1992), writ denied, 610 So.2d 797 (La.1993); State v. Williams, 484 So.2d 662 (La.1986). The record shows that the defendant was and is an indigent. Jones was represented at trial and on appeal by the indigent defenders’ office and the Louisiana Appellate Project, respectively. Therefore, the portion of the sentence imposing additional jail time for failure to pay the fine is vacated.
|4No other errors were found in the review of the record. The motion to withdraw is granted, and Jones’s conviction is affirmed. The sentence is amended to delete the portion of the sentence requiring jail time in default of the payment of the court costs. In all other respects, the sentence is affirmed.
*1239 MOTION GRANTED; CONVICTION AFFIRMED; SENTENCE AMENDED, AND AS AMENDED, AFFIRMED.

. Anders v. State of Cal., 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Jones was inadvertently omitted from the mailing list when the order was originally mailed on January 9th. As a result, he was later informed of the order and allowed additional time for requesting the record and seven more days for filing his brief.