MOORE, J.
 

 hThe defendant was convicted of driving while intoxicated, fourth offense. He was sentenced to 20 years at hard labor, the first 60 days without the benefit of parole, to be served consecutively to any other sentence and a $5,000 fine, in default of which he was to serve an additional year in jail consecutive to his hard labor sentence. The defendant now appeals. We affirm the defendant’s conviction, vacate the one-year default sentence, determine the hard labor sentence to be illegally lenient and remand for resentencing.
 

 FACTS
 

 In the early morning hours of April 17, 2005, the defendant was pulled over by a trooper with the Louisiana State Police. The trooper had been traveling behind the defendant’s vehicle on La. Hwy. 165 in north Monroe when the defendant attempted to execute a right turn onto Medical Park Drive. The defendant’s vehicle jumped the curb and got momentarily stuck. While accelerating to dislodge
 
 *66
 
 the stuck vehicle, defendant’s vehicle threw gravel onto the trooper’s vehicle. After the defendant had regained the roadway, the trooper pulled him over. Upon encountering the defendant, the trooper detected a smell of alcohol, slurred speech, and slow responsiveness to questions. After admitting that he had been at a wedding and had consumed alcoholic beverages, the defendant was placed under arrest and taken to the Oua-chita Correctional Center where he urinated on himself while submitting to a Breathalyzer test, revealing a .194 blood alcohol content. He was subsequently charged under a bill of information with DWI, fourth offense. The bill was amended on December 4, 2007, to 12replace two of the predicate offenses listed in the original bill with two more recent offenses.
 

 Subsequent to the amendment of the bill of information, the defendant filed a motion to quash the amended bill and a motion to suppress any evidence obtained as a result of the defendant’s arrest. Both motions came for hearing and were denied on May 12, 2008. During the hearing on the motion to quash, the defendant submitted the transcript of his predicate guilty pleas to three counts of DWI, third offense, in an effort to establish that he was not properly advised of his rights. During the same hearing at which the pleas on these predicate offenses were taken, the trial court imposed sentences of 4 years plus 30 days imprisonment on each count, with all but the first 30 days on each count suspended. In addition, the trial court ordered the defendant to serve 18 months of home incarceration following his release and to undergo in-patient substance abuse treatment for 4 to 6 weeks.
 

 After the motion to quash and motion to suppress were denied, defendant withdrew his previous plea of not guilty and entered a guilty plea under the provisions of
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976), reserving his rights to seek review of the trial court’s denial of his motion to suppress and motion to quash.
 

 The defendant appeared for sentencing on September 25, 2008. In imposing sentence, the trial court reviewed the facts of the defendant’s crime (including his .194 blood alcohol content), as well as his personal history, including his age (64), his physical maladies (Crohn’s disease and |sarthritis), divorced status and unemployment due to disability. However, the trial court expressed great concern regarding the defendant’s criminal history, especially as it pertained to his predisposition to drinking and driving. The court noted that the defendant had been arrested 14 different times for driving while intoxicated and been convicted a total of 8 times, 5 of which were felony-grade convictions. The trial court also noted that the defendant was on supervised probation at the time of the instant offense for three DWI third offense convictions obtained in 2003.
 

 In light of these facts, the court found the aggravating factors to be that the defendant’s conduct knowingly created a risk of death or great bodily harm to more than one person and that the defendant is a serial offender. The only mitigating factors the court found were the defendant’s age and poor health. The court then sentenced the defendant to 20 years imprisonment at hard labor, the first 60 days without benefit of parole, to be served consecutively to any other sentence the defendant is obligated to serve, plus a fine of $5,000, in default of which he was to serve one year in jail consecutive to the hard labor sentence. Defendant was also ordered to “participate in a substance abuse treatment program such as the Stephen Hoyle Rehabilitation Program.”
 

 
 *67
 
 The defendant now appeals, raising two excessive sentence claims.
 

 DISCUSSION
 

 By his first assignment of error, the defendant contends that the 20-year sentence at hard labor is constitutionally excessive for a 64-year-old man entering a guilty plea to fourth offense DWI, where the sentence is to [4be served consecutively to a previous sentence in which he would ultimately serve over 30 years and without any order for substance abuse treatment in any case. The defendant argues that the trial court erred in failing to order the defendant to undergo treatment as mandated by the statute and in imposing a 20-year sentence to be served consecutively to the defendant’s other sentences, which amounts to a life sentence.
 

 The test in determining the excessiveness of a sentence is two-pronged: first, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App. 2 Cir. 8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App. 2 Cir. 8/13/08), 989 So.2d 259. There is no 1.¿¡requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App. 2 Cir. 12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
 

 At the time of the offense, the applicable sentencing provisions under La. R.S. 14:98(E) for a DWI, fourth offense, were as follows:
 

 (l)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or sus
 
 *68
 
 pension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. If any portion of the sentence is suspended, the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time not to exceed five years, which probation shall commence on the day after the offender’s release from custody.
 

 |fi* * *
 

 (4)(a) If the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to Subsection D of this Section, the offender shall not be sentenced to substance abuse treatment and home incarceration for a fourth or subsequent offense, but shall be imprisoned at hard labor for not less than ten nor more than thirty years, and at least three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole.
 

 The 20-year sentence in the present case is not unconstitutionally excessive. To the contrary, the trial court provided a considered discussion of the reasons for the sentence it was imposing, including the potential danger to society posed by a lesser sentence for a defendant with a proven record of recidivism. In crafting the sentence, the trial court discussed mitigating and aggravating circumstances, and specifically noted it considered the provisions of Art. 894.1. The maximum sentence pursuant to La. R.S. 14:98(E)(1)(a) and (E)(4)(A) is 30 years’ imprisonment. Considering the trial court’s careful analysis of the circumstances, the defendant’s repeated criminal behavior, and the fact that the instant DWI violation occurred while the defendant was on supervised probation for his three prior convictions, there is no apparent abuse of discretion by the trial court. The sentence imposed for this chronic offender, with at least 14 arrests for driving while intoxicated, does not shock the sense of justice, is not grossly out of proportion to the seriousness of the offense, and does not needlessly inflict pain and suffering.
 

 Furthermore, while the sentencing provisions applicable to this offender do not indicate any mandatory treatment requirement, the sentencing transcript clearly indicates that the defendant was ordered to | particípate in a substance abuse treatment program.
 

 Finally, our error patent review reveals that the sentence imposed by the trial court is illegally lenient under Sub-paragraph 4(a) of Subsection E, the statute of conviction in this case. As noted above, the defendant was previously convicted on three counts of DWI, third offense, and sentenced under the provisions of Subsection D to, among other things, 18 months of home incarceration and 4 to 6 weeks of inpatient substance abuse treatment. Under Subparagraph 4(a) of Subsection E, a person convicted thereof, who has previously been sentenced to home incarceration and substance abuse treatment as a third offender, shall be sentenced to a term of imprisonment at hard labor for not less than 10 years nor more than 30 years, “at least three years of which shall be served without” benefits. La. R.S. 14:98(E)(4)(a). The trial court, however, directed that only 60 days of the sentence be served without benefit of parole. This is not a matter which is corrected automatically by operation of La. R.S. 15:301.1, since that statute applies to determinate terms of sentence to be served without benefits.
 
 State v. Williams,
 
 00-1725 (La.11/28/01), 800 So.2d 790. The “at least” language contained in La. R.S. 14:98(E)(4)(a) means that the trial court
 
 *69
 
 does not have sentencing discretion to impose a period of less than three years to be served without benefit of parole, probation or suspension of sentence.
 
 State v. Moore,
 
 37,935 (La.App. 2 Cir. 1/28/04), 865 So.2d 227,
 
 writ denied,
 
 2004-0507 (La.7/2/04), 877 So.2d 142. However, it has discretion to impose a period greater than three years without benefits. We also observe that the court’s mistaken belief that only 60 days of the sentence |8must be served without benefits might have had an effect on the term of the sentence it imposed.
 
 State v. Thoman,
 
 2007-0019 (La.App. 1 Cir. 9/14/07), 2007 WL 2685005, n. 3,
 
 writ denied,
 
 2007-2384 (La.9/19/08), 992 So.2d 957. We therefore vacate the illegally lenient sentence and remand to the district court for resentencing.
 
 State v. Moore, supra.
 

 By his second assignment of error the defendant contends that the one-year jail sentence in default of payment of a $5,000 fine is unconstitutional because Ho-tard is indigent.
 

 An indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence.
 
 Bearden v. Georgia,
 
 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983);
 
 State v. Kerrigan,
 
 27,486 (La.App. 2 Cir. 4/3/96), 671 So.2d 1242. A defendant’s indigence in such a situation may be discerned from the record.
 
 State v. Williams,
 
 484 So.2d 662 (La.1986);
 
 State v. Conway,
 
 604 So.2d 205 (La.App. 2 Cir.1992).
 

 The state does not dispute the defendant’s indigency and in brief concedes he is entitled to the relief requested. The defendant was represented throughout the pendency of the trial proceeding, by the Indigent Defender Office and on appeal by the Louisiana Appellate Project. We there therefore vacate the one-year sentence imposed in default of the mandatory $5,000 fine. Upon remand, the trial court should make a new determination of defendant’s financial condition, and if appropriate, should dismiss the default time as mandated by law.
 
 State v. Brown,
 
 996 So.2d 461 (La.App. 2 Cir. 9/24/08), (Gas-kins, J., concurring in part and dissenting in part).
 

 ^CONCLUSION
 

 For the foregoing reasons, we affirm the defendant’s conviction. We vacate the sentence imposed by the court and remand for resentencing.
 

 CONVICTION AFFIRMED; SENTENCE VACATED, REMANDED FOR RESENTENCING.