LOLLEY, J.
 

 11 This criminal appeal arises from the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana, where the defendant, Anthony Wayne Lewis, pled guilty to a fourth offense for operation of a motor vehicle while under the influence of alcohol (“DWI”), a violation of La. R.S. 14:98(E). He was sentenced to 20 years at hard labor and fined $5,000.00. Lewis now appeals. For the following reasons, his sentence and conviction are affirmed.
 

 FACTS
 

 On May 30, 2008, Lewis ran into the back of another vehicle causing a three-car-crash while traveling in Bossier Parish. Police officers were called to the scene. Due to a degenerative hip problem, Lewis could not perform a field sobriety test but voluntarily blew into a breathalyzer and registered a 0.298. Pursuant to La. R.S. 14:98(A)(l)(b), the legal limit is 0.08. Lewis was immediately arrested.
 

 On November 7, 2008, Lewis pled guilty to fourth offense DWI. He was sentenced to 20 years at hard labor and fined $5,000.00. In addition, he was recommended for a substance abuse treatment center. In open court, the defense objected to the sentence as being excessive and the objection was noted. The defense did not file a motion to reconsider the sentence. However, when an objection is made to the sentence, and it alerts the court to the matter in contention, a motion to reconsider need not be filed.
 
 State v. Caldwell,
 
 620 So.2d 859 (La.1993). This appeal ensued.
 

 JjDTSCUSSION
 

 In his first assignment of error, Lewis argues that the sentence is excessive. Lewis argues that he is an incurable alcoholic and that incarceration will not change this. Further, he argues that he
 
 *1147
 
 has not received a DWI in six years and the court should be lenient.
 

 Louisiana R.S. 14:98(E)(l)(a) states, in pertinent part:
 

 [A] conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary ... the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Seventy-five days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 438 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App. 2d Cir.02/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.03/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La.App. 2d Cir.01/28/04), 865 So.2d 284,
 
 writs denied,
 
 2004-0834 (La.03/11/05), 896 So.2d 57
 
 and
 
 2004-2380 (La.06/03/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App. 2d Cir.04/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.09/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.01/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.01/15/02), 805 So.2d 166;
 
 State v. Robinson,
 
 40,983 (La.App. 2d Cir.01/24/07), 948 So.2d 379.
 

 In this case, the trial court reviewed the presentence investigation (“PSI”) report in great detail, and clearly considered many factors embodied within La. C. Cr. P. art. 894.1 including: the defendant’s employment history; prior convictions; inability to respond to rehabilitation; and the ¿seriousness of driving while intoxicated. The trial court astutely noted that the defendant repeatedly endangered the life of himself and others while driving in an impaired state. The maximum possible sentence for a 4th offense DWI is 30 years’ imprisonment and a $5,000.00 fine. La. R.S. 14:98(E). Lewis received a mid-range sentence despite at least six prior convictions for driving while intoxicated;
 
 *1148
 
 this sentence does not shock the sense of justice. This assignment is therefore without merit.
 

 Lewis also argues that the trial court erred by denying him the benefit of the “new law” which favors rehabilitation. According to Lewis, the state should have had to prove that he had already received this benefit. In discussing the benefit of the “new law,” the trial court referred to a prior version of La. R.S. 14:98. The trial court referred to the 2003 version of La. R.S. 14:98(E)(l)(a) which was amended by Acts 2004, No. 762, and stated, in pertinent part:
 

 [A] conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender’s substance abuse disorder.
 

 Lewis did receive this benefit for one of his convictions in 2003. However, this argument is not dispositive since this benefit no longer exists; therefore, the trial court did not err by not requiring the state to prove the defendant had already received this benefit. Since the “new law” Lewis | ¿refers to was not in effect at the time of the instant offense this argument is without merit.
 

 Lewis also argues that the state should have had to prove his prior DWI convictions. When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a significant factual basis for the defendant’s plea.
 
 State v. Orozco,
 
 609 So.2d 1043, 1046 (La.App. 2d Cir.1992).
 

 Here, Lewis does not dispute that he pled guilty to being a fourth offender. Nothing suggests that any further inquiry into the prior convictions was required. Therefore, it was not necessary to prove the prior convictions as part of the factual basis for the instant conviction. Furthermore, a validly entered guilty plea waives any right a defendant might have had to question the merits of the state’s case and the factual basis underlying the conviction.
 
 State v. Bourgeois,
 
 406 So.2d 550 (La.1981);
 
 State v. Hardy,
 
 39,233 (La.App. 2d Cir.01/26/05), 892 So.2d 710.
 

 Finally, Lewis argues that the trial court erred in not following the recommendation set forth in the PSI, namely the option to suspend part of the sentence. Although a PSI report is helpful, it is not binding. A trial court, having properly considered the guidelines, has complete discretion to reject them and impose any sentence which is not constitutionally excessive, provided it states for the record the considerations taken into account and the factual basis for the imposition of sentence.
 
 State v. Woodman,
 
 28,004 (La.App. 2d Cir.01/24/96), 666 So.2d 1255,
 
 unit denied,
 
 1996-0489 (La.05/03/96), 672 So.2d 696.
 
 See also, State v. Maschek,
 
 1997-0023 (La.App. 1st Cir.12/29/97), 705 So.2d 1192;
 
 State v. Thomas,
 
 596 So.2d 327 (La.App. 3d Cir.1992).
 

 Here, the PSI’s recommendation stated,
 
 “Should
 
 the court determine that it would be in the best interests of the defendant and society to afford him the privilege of a suspended sentence.... ” (Emphasis add
 
 *1149
 
 ed.) Clearly the language is suggestive-not mandated. The PSI further stated that the defendant’s habitual driving while intoxicated poses a “significant threat to public safety.” We agree. Notably, Lewis had a blood alcohol reading that was three times the legal limit. Furthermore, Lewis has obviously had several “benefits” as he has been allowed to get back on the road only to repeat the same behavior. While we understand that alcoholism is a disease, driving while intoxicated is a criminal offense.
 

 The trial court took several factors into consideration including the PSI and sentenced Lewis within the statutory sentencing range for the convicted offense. Given that a trial court has wide discretion, absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive.
 
 State v. Square,
 
 433 So.2d 104 (La.1983). Therefore, this assignment of error has no merit.
 

 CONCLUSION
 

 For the foregoing reasons, Anthony Wayne Lewis’s conviction and sentence are affirmed.
 

 AFFIRMED.