WILLIAMS, J.
 

 hThe defendant, John D. Lathan, was charged by amended bill of information with operating a vehicle while intoxicated (“DWI”), fourth offense, in violation of LSA-R.S. 14:98(E). Following a bench trial, he was convicted as charged. He was sentenced to serve 20 years in prison at hard labor, “at least three” years of which were ordered to be served without benefit of probation, parole or suspension of sentence. For the reasons that follow, we affirm the defendant’s conviction, vacate the sentence and remand the matter to the trial court for resentencing.
 

 FACTS
 

 On November 4, 2008, at approximately 7:00 a.m., William Paul Rucker was driving to work in Bienville Parish when he observed a “tan” truck being driven in the wrong direction. Rucker began following the truck, which was swerving from one side of the road to the other side. Rucker noticed that the truck had caused two or three cars to leave the road and had almost hit a group of children who were waiting for the school bus. Rucker called 911 and provided a description of the truck and its license plate number; he also told the 911 operator that the driver was wearing a red shirt. Rucker followed the truck until it pulled into a private driveway and struck the front porch of the house located there.
 

 Deputy Sheronda Bell of the Bienville Parish Sheriffs Department responded to the call. When Deputy Bell arrived on the scene, she observed a tan truck bearing the license plate number that had been provided by the 911 caller. The truck was parked at a private residence with its motor still running. Deputy Bell also observed the defendant, John D. Lathan, slumped 12in the driver’s seat of the truck with “his feet ... still on the floor on the driver’s side [and] his upper part of his body was leaned over toward the passenger side.” Deputy Bell opened the driver’s side door and tried to wake the defendant. After several attempts, the deputy managed to awaken the defendant and he
 
 *853
 
 exited the truck. Deputy Bell testified that the defendant was wearing a red shirt and “smelled of alcohol.” When questioned by Deputy Bell, the defendant denied driving the truck that morning; he stated that he had spent the night in the truck. A man and a woman exited the residence where the truck was parked, and the woman corroborated the defendant’s statement that he had spent the night in the truck.
 

 Louisiana State Trooper Seth Harmon later arrived on the scene to assist Deputy Bell. The defendant’s interaction with the officers and his subsequent arrest were captured by the video camera installed in Trooper Harmon’s unit. The videotape was played in open court. During the trial, the defense stipulated that the defendant failed the field sobriety tests administered by Trooper Harmon. The defense also stipulated that the defendant blew a “proper sample” into the Intoxilyzer 5000 machine and the sample registered a .189 reading.
 

 Because the defendant had three prior convictions for DWI, he was arrested and charged with DWI, fourth offense. During the trial, the defendant stipulated that he was the same person who was convicted of the three prior DWI charges.
 

 Rucker, the 911 operator, Deputy Bell, Trooper Harmon and the | ^defendant testified during the trial. The defendant testified that on the evening of November 3, 2008, he was sleeping on his mother’s couch. He stated that he woke up at approximately 6:00 a.m. and discovered that his truck was gone. The defendant also stated that after he went outside and sat on his mother’s front porch, his nephew drove up in his truck. He testified that he and his nephew argued and his nephew left. The defendant stated that he got into the truck, drank some gin and fell asleep. The defendant admitted that earlier that morning, he had drunk beer with his friends in Taylor, Louisiana. However, he testified that he drove to his mother’s home at 2:00 a.m., not 6:00 a.m. or 7:00 a.m. On cross-examination, the defendant also admitted to driving drunk, with a suspended driver’s license, at 2:00 a.m.
 

 Following a bench trial, the defendant was found guilty as charged. He was sentenced to serve 20 years in prison at hard labor, with “at least three” years of the sentence to be served without benefit of parole, probation or suspension of sentence. The trial court denied the defendant’s motion for new trial and motion for post-verdict judgment of acquittal. The trial court also denied the defendant’s motion to reconsider his sentence.
 
 [1]
 

 The defendant appeals.
 

 I ¿DISCUSSION
 

 The defendant contends the sentence imposed is constitutionally excessive. He argues that the sentence subjects him to cruel, excessive and unusual punishment and serves no other purpose than to cause him needless pain and suffering. The defendant also argues that many of the aggravating factors set forth in LSA-C.Cr.P. art. 894.1(B) do not apply to this case.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two pronged. First, the
 
 *854
 
 record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267, writ
 
 denied,
 
 2008-2697 (La.9/18/09), 17 So.3d 388.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Swayzer, supra.
 

 At the time of the defendant’s arrest, LSA-R.S. 14:98 provided, in pertinent part:
 

 A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, IflVessel, or other means of conveyance when:
 

 (a) The operator is under the influence of alcoholic beverages; or
 

 (b) The operator’s blood alcohol concentration is 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood[.]
 

 * * *
 

 E. [0]n a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without the benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment[.]
 

 In
 
 State v. Swayzer, supra,
 
 a defendant claimed on appeal that his sentence of 20 years in prison for DWI, fourth offense, was excessive. In determining the defendant’s sentence, the trial court noted that he had three previous DWI convictions over the span of a few years and had also pled guilty to possession of marijuana. The trial court concluded that the defendant posed a danger to other drivers and that it was unlikely he would change his conduct given his past behavior. This Court affirmed the defendant’s sentence on appeal, finding that the trial court had adequately expressed its reasons for imposing the sentence and the sentence did not shock the sense of justice.
 
 Id.; see also, State v. Hotard,
 
 44,431 (La.App.2d Cir.6/24/09), 17 So.3d 64;
 
 State v. Wiltcher,
 
 41,981 (La.App.2d Cir.5/9/07), 956 So.2d 769.
 

 Similarly, in
 
 State v. Lewis,
 
 45,057 (La. App.2d Cir.1/27/10), 31 So.3d 1144, the defendant pled guilty to DWI, fourth offense, and was | (¡sentenced to serve 20 years in prison. The defendant appealed the sentence, arguing that the sentence was excessive. This court rejected the argument, stating:
 

 [T]he trial court reviewed the presen-tence investigation (“PSI”) report in great detail, and clearly considered many factors embodied within La. C. Cr. P. art. 894.1 including: the defendant’s employment history; prior convictions; inability to respond to rehabilitation; and the seriousness of driving while in
 
 *855
 
 toxicated. The trial court astutely noted that the defendant repeatedly endangered the life of himself and others while driving in an impaired state.
 

 Id.
 
 at 1147.
 

 In the instant case, the record reveals that the trial court articulated the aggravating circumstances it relied upon when imposing sentence. During the sentencing hearing, the trial court stated:
 

 [BJecause of his intoxication he continued to drive and had a chance where I think somebody yelled out about the school children waiting for the school bus almost got hit. And for the long period of time that he was driving from point A to point B[.]
 

 [[Image here]]
 

 I don’t know whether because — the intoxication of either getting intoxicated that early in the morning or being intoxicated through the night has the concerns of the Court[.] [S]o given those considerations and the fact that it was a DWI 4th and that he has previously been given [sic] to participate in the substance abuse treatment and home incarceration for a DWI 3rd, the Court is going to sentence [the defendant] to twenty years Department of Corrections. At least three of which shall be without benefit of parole, probation or suspension of sentence.
 

 * * *
 

 During the motion to reconsider the sentence, the court stated:
 

 After looking at 894.1, I guess number one is that the statute indicates that it’s a range of ten years to thirty |7years. This Court [sentenced the defendant to serve] twenty years which was a mi-drange between the ten and the thirty years. As to 894.1, it says ... that when the Defendant has been convicted of a felony or misdemeanor, the Court should impose a sentence of imprisonment if any of the following occurs: there is an undue risk that during the period of a suspended sentence or probation the Defendant will commit another crime. Well, he’s already had three previous DWIs and this is a fourth. Another one is that a lesser sentence would deprecate the seriousness of the Defendant’s crime. And in this Court’s opinion, the lesser sentence would because he’s got a DWI fourth offense. Another one is ... the offender knowingly created a risk of death or great bodily harm to more than one person. I believe the testimony indicated that there [were] some school children out on the road that almost got hit because of his DWI intoxication while he was driving. And also another one says that the Defendant’s criminal conduct and result of circumstances unlikely to reoccur? Well, it’s obvious that he’s had four reoc-currences, or three reoccurrences from the first DWI. It says he is particularly likely to respond affirmatively to probationary treatment? I don’t think that’s true considering the obsessiveness of his DWIs.... I don’t think there is any testimony as to that — that would create a hardship to himself or his dependents. So considering the factors that [were] involved in the case and considering that the factors that were in 894.1 and the fact that he came close to killing some school children, I think the twenty year sentence is not exeessive[.]
 

 After reviewing the record in its entirety, it is clear that the trial court considered the factors embodied in LSA-C.Cr.P. art. 894.1. The maximum sentence for a fourth offense DWI is 30 years in prison and a $5,000 fine. LSA-R.S. 14:98(E). The defendant’s sentence of 20 years falls in the middle of the statutory sentencing range. Furthermore, as the trial court
 
 *856
 
 pointed out, the defendant’s prior convictions demonstrate the likelihood that he would continue to endanger lives by driving while intoxicated if given probation or a suspended sentence. We find that the sentence | ^imposed does not shock the sense of justice. This assignment lacks merit.
 

 ERROR PATENT
 

 In accordance with LSA-C.Cr.P. art. 920, all appeals are reviewed for errors patent on the face of the record. We have discovered one error patent.
 

 LSA-C.Cr.P. art. 879 provides:
 

 If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence.
 

 A sentence which provides that “at least” a certain amount of the sentence is to be served without the benefit of parole, probation or suspension of sentence is indeterminate, as it fixes no maximum number of years to be served before the defendant is eligible for parole, and is therefore illegal. See, LSA-C.Cr.P. art. 879;
 
 State v. Doby,
 
 540 So.2d 1008 (La.App. 2d Cir. 1989),
 
 writ denied,
 
 544 So.2d 398 (La. 1989).
 

 We find that the sentence imposed herein is indeterminate. The trial court sentenced the defendant to serve 20 years imprisonment “[a]t least three of which” were to be served without the benefit of parole, probation or suspension of sentence. The imposed sentence fails to specify the maximum number of years the defendant must serve before he is eligible for parole. Therefore, we find that the sentence is illegal and must be vacated. We remand this matter to the trial court for resentencing.
 
 [2]
 

 ^CONCLUSION
 

 For the reasons set forth herein, the defendant’s conviction is affirmed. We vacate the defendant’s sentence and remand this matter to the trial court for resentenc-ing.
 

 CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED TO TRIAL COURT FOR RESENTENCING.
 

 [1]
 

 . The defendant filed an application for "post-conviction relief” in this court. This court denied the application, stating:
 

 [T]his motion is not cognizable on post-conviction relief. The exclusive grounds for post-conviction relief, La. C. Cr. P. Art. 930.3, do not include claims of excessive sentence or other sentencing errors.
 
 State ex rel. Melinie v. State,
 
 93-1380 (La. 1/12/96), 665 So.2d 1172.
 

 State v. Lathan,
 
 46,127 (La.App.2d Cir. 10/28/10) (unpublished).
 

 [2]
 

 . In addition, we note that the trial court failed to impose the mandatory fine of $5,000. LSA-C.Cr.P. art. 882 provides that an illegally lenient sentence may be corrected at any time by an appellate court on review. Thus, this court has discretion in deciding whether to correct an illegally lenient sentence.
 
 State v. Swayzer, supra; State v. Griffin,
 
 41,946 (La. App.2d Cir.5/2/07), 956 So.2d 199. Given the defendant’s apparent indigent status, the term of imprisonment imposed and the state's failure to object at the time of sentencing, we decline to amend the sentence to impose the fine in this case.